CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 0 6 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA J. MOE, | ) |
| | ) Civil Action No. 5:06-CV-00014 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Plaintiff, Barbara J. Moe, brings this action challenging the final decision of the Commissioner of Social Security denying Moe's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments under the Social Security Act. This court has jurisdiction under 42 U.S.C §§ 405(g) and 1383(c)(3). In a decision rendered on July 21, 2005, the Administrative Law Judge (ALJ) rejected Moe's claim that she qualified as "disabled" because of a multitude of impairments, including hepatitis, ovarian and colon cancer, and depression. In rejecting the claim, the ALJ determined that Moe did not suffer from a "disability," as defined in the Social Security Act, because her interferon treatments, which had started in October 2004, were not expected to last a continuous period of at least one year and that absent the interferon therapy, she was capable of performing her past relevant work. The Appeals Council denied Moe's request for review on December 1, 2005, and the Commissioner of Social Security adopted the ALJ's opinion as her final decision. See 42 U.S.C. § 405 (g). The United States Magistrate Judge has filed a thoughtful report pursuant to 28 U.S.C. § 636(b)(1)(B), supporting the Commissioner's decision and recommending that an order be entered affirming the Commissioner's final decision. Moe has objected to that report,

contending that the decision is not supported by substantial evidence and arguing that this court should remand the case to the Commissioner of Social Security with direction to consider new evidence that Moe claims is material to the case and for which there was good cause for the failure to incorporate such evidence into the record in a prior proceeding. The Defendant has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c), arguing that substantial evidence supports the Commissioner's final decision and that Moe's request for a "sentence six" remand must be denied because her extra medical evidence is immaterial. Because the court finds the supplemental medical evidence submitted with Moe's complaint is material and that there was good cause for its omission in prior proceedings, the court remands for further evidence and consideration.

I.

The facts of the case are adequately set forth in the Magistrate Judge's report and will not be repeated in their entirety. It is sufficient to state that the ALJ determined that Moe did not meet the Social Security Act's definition of "disability" because her interferon therapy was not expected to last at least one year and because, absent the interferon therapy, she would "regain capacity to perform her past relevant work." See 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (authorizing payment of DIB and SSI to individuals who have an "inability to engage in any substantial gainful activity by reason of any medically determinable . . . impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"). At the time of the ALJ's decision on July 21, 2005, Moe's interferon treatments were on-going, and the ALJ did not know for certain on what date Moe's interferon therapy would end, although
2

the ALJ assumed the therapy would last less than a year.[1] What is unclear, however, is whether Moe's interferon therapy and its effects actually lasted one year in duration so as to meet the statute's one-year durational requirement. Moe argues that she has submitted new medical evidence that supports her claim that her interferon treatment actually lasted twelve months and urges the court to remand the case to the Commissioner of Social Security with direction to consider the new evidence.[2]

This court may order that the Commissioner take additional evidence pursuant to a "sentence six remand" only upon "a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).[3] The Fourth Circuit has held that such evidence is new only if it "is not duplicative or cumulative" and is material only "if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dept' of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

The court finds that Moe's new medical evidence satisfies these requirements. First, the court finds that the evidence is not duplicative or cumulative, as the medical evidence provides proof that Moe continued receiving interferon therapy after August 2005, the date on which the

---

[1] The ALJ noted that Moe's interferon therapy began in October 2004 and "is expected to end in August 2005." R. 22.

[2] Moe has submitted medical records from Hermatology Oncology Patient Enterprises (HOPE), including records dated August 2, 2005, through November 30, 2005, that were not available to the ALJ at the time of his decision on July 21, 2005.

[3] Under a sentence six remand, the court does not affirm, modify or reverse the Commissioner's decision; rather, the court remands the case to the Commissioner for further action. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

3

ALJ assumed the treatments would be finished,[4] and indicates that the interferon treatment might have been administered for at least twelve continuous months.[5] Furthermore, the medical evidence provides new details as to Moe's condition after she finished the interferon treatments, which were not known at the time of the ALJ's decision.

The court also finds that "there is a reasonable possibility that the new evidence would have changed the outcome." The medical evidence not only suggests that Moe's interferon treatments might have lasted twelve months, but also contains evidence that Moe may have suffered from residual effects of the interferon therapy through the time she started working on October 31, 2005.[6] The evidence concerning the residual effects of the chemotherapy is especially important in light of the fact that the ALJ considered the interferon therapy's side effect in determining the severity of Moe's impairment and the effect on Moe's ability to perform work. See R. 18 ("The claimant is undergoing treatment for hepatitis C virus and experiences

---

[4] The HOPE medical records do not record the exact date on which the interferon treatments ceased; however, the evidence suggests that Moe completed the treatments in early September 2005. The August 31, 2005 medical report indicates that Moe's interferon treatment would be "completed in 1 week." Furthermore, the medical reports from October 11, November 11, and November 30, 2005, all indicate that the interferon therapy was "completed September 2005."

[5] Medical reports from October 11, November 11, and November 30, 2005, all indicate that Moe's chronic hepatitis C was treated with "[a]phla interferon and ribaviran therapy x12 months." Furthermore, the August 31, 2005 medical report notes that Moe was scheduled to complete "1 year with alpha-interferon, which will be in fact completed in 1 week." Despite this language, however, the medical reports also indicate that the interferon therapy stopped in early September 2005, see n.3, supra, which is clearly less than a year after the interferon treatments began on October 15, 2004. See R. 253. Because the evidence is contradictory and could possibly change the outcome, further fact-finding is required.

[6] For example, the October 11, 2005 medical report notes that Moe completed the chemotherapy in September but still suffered from a "generalized fatigue."

4

side effects of this treatment, including fatigue. It therefore constitutes a severe impairment.); R. 20 ("It is Dr. Cooke's opinion that the claimant cannot sustain full time employment while undergoing Interferon therapy. . . . The undersigned concurs."); R. 43-44 (testimony of Dr. Cooke, stating that Moe's disability began in October 2004 with the beginning of the chemotherapy and would end when the treatment and its side effects, including fatigue, stopped). Finally, the court also finds that there is good cause for Moe's failure to incorporate the medical reports included in Exhibit A, dated August 2, 2005, through November 30, 2005, into the record in a prior proceeding, as they were produced after the ALJ's decision on July 21, 2005, and were apparently unavailable when Moe submitted her request for review to the Appeals Council on September 12, 2005.

Accordingly, the court remands the case pursuant to 42 U.S.C. § 405(g), for the limited purpose of determining the actual length of Moe's interferon therapy and the nature and length of the side effects associated with the interferon after the treatments ceased – specifically, the Commissioner must determine whether and for how long these side effects prevented her from returning to work after the interferon therapy had ended. If the interferon treatment actually lasted a year in duration, or the side effects associated with the therapy prevented her from returning from work within the one year time frame, Moe should be granted benefits accordingly.

## III.

For the reasons stated herein, the court vacates the ALJ's decision and remands this case for further proceedings in accordance with this opinion.

**ENTER**: This 6th day of February 2007.

_____
UNITED STATES DISTRICT JUDGE