CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
OCT 0 9 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA J. MOE, ) | |
| ) | Civil Action No. 5:06-CV-00014 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Plaintiff, Barbara J. Moe, comes before the court on a motion for award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") arising from her appeal of a denial of benefits by the Commissioner of Social Security. This court find that the government's position in this litigation was substantially justified and denies that motion.

I.

Moe began this action to challenge the final decision of the Commissioner of Social Security denying Moe's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act. In a decision rendered on July 21, 2005, the Administrative Law Judge ("ALJ") rejected Moe's claim. The ALJ determined that Moe did not suffer from a "disability" as defined in the Social Security Act because her interferon treatments were not expected to last a continuous period of at least one year and that absent the interferon therapy, she was capable of performing her past relevant work. The Commissioner of Social Security adopted the ALJ's opinion as her final decision. See 42 U.S.C. § 405 (g).

The United States Magistrate Judge filed a thoughtful report pursuant to 28 U.S.C. §

636(b)(1)(B), supporting the Commissioner's decision and recommending that the court affirm. Moe appealed the magistrate judge's decision, and this court rejected the report. This court found that the Commissioner might conclude from new evidence that Moe's interferon treatment and its alleged side effects prevented Moe from working for one year and, on that basis, remanded the matter for further proceedings. Moe then filed a motion for attorney fees pursuant to the EAJA claiming that the position of the United States in the litigation was not "substantially justified".

## II.

On this motion, the government bears the burden of proving that its position in this litigation was "substantially justified" or it must pay attorney's fees to Moe under the EAJA. 28 U.S.C. § 2312 (d)(1)(A). The Supreme Court has explained that "substantially justified" means "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 564 (1998). According to the Court "a position can be justified event though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2. The Third Circuit has added that a court must not assume that the government's position was not substantially justified simply because the government lost on the merits. Kiareldeen v. Ashcroft, 273 F.3d 542, 554 (3d Cir. 2001). With these precepts in mind, this court denies Moe's motion under the EAJA.

Although this court did not entirely agree with the conclusions in the magistrate judge's report, the court finds that the government's position in this matter to have been substantially justified. The report of the magistrate judge, which this court described as "thoughtful,"

2

recommending an affirmance of the ALJ decision evinces the reasonableness of the government's position. Pierce, 487 U.S. at 568-69 (stating that while not dispositive, litigation successes can be indicative of substantial justification). In fact, Moe's treatment note of August 31, 2005 stated that her interferon treatment would end a full month before the requisite twelve months which would have supported and adverse decision. However, it appeared from new evidence that the treatment's effects actually lasted longer. Consequently, new evidence caused this court not to adopt the magistrate judge's report. Under the circumstances, the court finds ample evidence supporting the government's position.

### III.

The court finds that the government has met its burden of substantial justification and denies Moe's motion for award of attorney fees pursuant to the EAJA.

**ENTER**: This 9th day of October 2007.

_____
UNITED STATES DISTRICT JUDGE